[No. 7802–0–I.   Division One.   November 3, 1980.]

NANCY FERGUSON, *Appellant,* v. JOHN F. JEANES, ET AL, *Respondents.*

*Albert Hanan,* for appellant.

*Charles S. Wheeler,* for respondents.

RINGOLD, J.—John F. Jeanes appeals a judgment rescinding his partnership agreement with Nancy Ferguson and quieting title to certain real property in Ferguson's name. We hold that rescission of a partnership agreement is a proper remedy where the partnership is created through undue influence, and we, therefore, affirm the trial court.

Nancy Ferguson filed a complaint against John F. Jeanes seeking to quiet title to certain real property commonly known as the Kirkview Apartments. Jeanes cross–complained for an accounting, claiming a partnership and one–half interest in the property. At a bench trial, the court concluded that a partnership in the purchase of the subject property was created between the parties through Jeanes' exercise of undue influence over Ferguson. The court rescinded the partnership agreement and quieted title to the property in Ferguson's name. The court awarded Jeanes a judgment for the amount of his capital contribution to the rescinded partnership plus interest.

The trial court's findings of fact reflect its acceptance of Ferguson's testimony and rejection of Jeanes' testimony. Jeanes assigns error to a finding that he lacked credibility on material issues, but he does not assign error to most of the findings.[1] We, therefore, summarize the unchallenged findings and Ferguson's testimony to the extent they reveal the facts necessary to the resolution of this appeal.

Jeanes is a Christian Science practitioner. He assists in the healing process and maintains a confidential and spiritual relationship with his patients. He met Ferguson in the autumn of 1972 at a time when Ferguson was seriously considering making a full commitment to Christian Science. They soon fell in love and began to seriously consider marriage. Several times a week during their relationship Ferguson obtained treatment from Jeanes. Ferguson testified

---

[1]Credibility decisions are peculiarly within the trial court's authority. *Ladley v. St. Paul Fire & Marine Ins. Co.*, 73 Wn.2d 928, 442 P.2d 983 (1968). We will not disturb such a finding. *See Income Investors, Inc. v. Shelton*, 3 Wn.2d 599, 101 P.2d 973 (1940).

that she exalted practitioners in her mind and that she trusted Jeanes because of her affection for him and because of his role as a practitioner.

In the spring of 1973, Ferguson asked Jeanes to assist her in locating an apartment house to be purchased by her alone. They located the property that is the subject matter of this lawsuit and he advised her concerning the terms of her offer. During the negotiations Jeanes began to encourage Ferguson to allow him to join her as a partner in the purchase and operation of the property in an effort to secure an agreement. Ferguson declined because of her desire for the security that sole ownership would provide. Jeanes became angry and told her that she was ungrateful for all that he had done for her. He stated that her refusal violated the tenets of Christian Science. He told her that she was incapable financially, intellectually and emotionally to purchase and operate the apartment house alone. She testified that his financial argument was the determining factor in her decision to accept him as an equal partner and designate him as a purchaser in the earnest money agreement.

Their offer was accepted but the deed was taken in Ferguson's name alone, at Jeanes' request, for what he said were tax reasons. He did not sign the mortgage, the promissory note and the second deed of trust. While Ferguson advanced nearly $13,000, Jeanes only provided $2,987.50. He stated he had other immediate obligations and would pay later. Other than one $500 payment, Jeanes never paid any more money for the down payment, loan or maintenance and operation expenses.

Whenever Ferguson urged Jeanes to equalize his contribution, he assured her that he would pay at a later date, frequently becoming angry with her for making such requests. On April 1, 1973, continuing to believe that he would pay his share, Ferguson gave Jeanes a written acknowledgement of his partnership interest in the apartment house. Because of their close relationship, Ferguson

tolerated the delays and was confident that Jeanes would ultimately provide the money.

This close relationship continued for another 2 years but terminated in July 1975. The parties had brief contact in May 1976 when Ferguson refused to consider Jeanes' suggestion that he might help on an upcoming balloon payment. The next contact between the parties was in August 1977 when Jeanes attempted to secure a quitclaim deed from Ferguson. Ferguson then retained an attorney, who prepared an accounting between the parties and asked Jeanes to review it. Jeanes did not respond to that request. Subsequently, Ferguson proffered a sum of money to reimburse him for the monies he had advanced, but Jeanes did not respond to the accompanying letter nor cash the check. Ferguson continued to successfully operate the apartment building without assistance from Jeanes. She filed this action on March 26, 1978.

### SUBSTANTIAL EVIDENCE OF UNDUE INFLUENCE

Jeanes assigns error to the trial court's finding of undue influence in the partnership agreement. He contends Ferguson freely and voluntarily decided that she did not have sufficient funds to make the purchase by herself.

The trial court entered several unchallenged findings of fact that are relevant to this issue. (1) Jeanes' performance as a practitioner had immense influence upon Ferguson and caused her to repose in him an extraordinary amount of trust and confidence. (2) Jeanes' emotional and spiritual influence upon Ferguson made her particularly susceptible to his undue influence in all material dealings between them. (3) Jeanes exercised undue influence over Ferguson in persuading her to return a promissory note he had given her for a $3,900 loan. He brought to bear upon her all of the spiritual and highly charged emotional factors that dominated their relationship by asserting she had no right to the note because of all he had done for her. He told her it was contrary to the tenets of Christian Science to resist

returning the note to him. (4) Jeanes used undue influence in persuading Ferguson to take out a loan to purchase hot water heaters for the apartment building and to obligate herself alone on that loan.

■■ In *Pleuss v. Seattle,* 8 Wn. App. 133, 137, 504 P.2d 1191 (1972), we adopted the definition of undue influence found in the Restatement of Contracts § 497 (1932):

Where one party is under the domination of another, or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare, a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable.

It is not enough that a person is susceptible to undue influence as a result of a confidential relationship. It is also not enough that influence is exerted upon that person. *Severson v. First Baptist Church,* 34 Wn.2d 297, 208 P.2d 616 (1949). Persuasion is unfair (or influence is undue) only when it overcomes the will of another such that her own free agency is destroyed. *Binder v. Binder,* 50 Wn.2d 142, 309 P.2d 1050 (1957). Undue influence must be proved by evidence that is clear, cogent, and convincing. *Tecklenburg v. Washington Gas & Elec. Co.,* 40 Wn.2d 141, 241 P.2d 1172 (1952).

■ The trial court's unchallenged findings of undue influence by Jeanes in two other transactions between the parties and the unchallenged findings that Ferguson was susceptible to undue influence and placed extraordinary trust in Jeanes must be taken as verities on appeal. *Pannell v. Thompson,* 91 Wn.2d 591, 589 P.2d 1235 (1979). These facts and the evidence of similar intense spiritual and emotional pressure concerning the partnership agreement provide substantial evidence of undue influence in that transaction. Ferguson's testimony, believed by the trial court, was sufficient to prove by clear, cogent and convincing evidence that her free agency was destroyed when she

decided she needed Jeanes' financial assistance and participation in the acquisition of the apartments.[2]

## Undue Influence as Basis for Rescission

Jeanes contends that any breach of his agreement to advance funds only permits the court to terminate the partnership and give the parties an accounting. He also argues that even if a finding of undue influence is made, it only permits the court to terminate the partnership and give the parties an accounting under the Uniform Partnership Act, RCW 25.04 (the Act). The Act is silent on the remedies for undue influence in the formation of the agreement. RCW 25.04.390, however, accepts the right to rescission for fraud and misrepresentation. RCW 25.04.050 provides that cases not governed by the Act are controlled by the rules of law and equity.

█ We hold that partnership agreements, like other contracts, are subject to rescission for undue influence. A partnership cannot be created without the voluntary consent of all alleged partners. *Beebe v. Allison,* 112 Wash. 145, 192 P. 17 (1920). Undue influence makes assent to the partnership involuntary, and unless the unduly influenced party elects to affirm the contract, the appropriate remedy is a rescission that places the parties in the position they were in prior to the invalid agreement. *Severson v. First Baptist Church, supra,* and *DeCoria v. Red's Trailer Mart, Inc.,* 5 Wn. App. 892, 491 P.2d 241 (1971). Professor Rowley in his treatise, 1 R. Rowley, *Partnership* § 39, at 753–54 (2d ed. 1960), discusses the right to rescission predicated on undue influence:

The usual ground of annulment of the [partnership] contract is fraud or misrepresentation, and mistake has also

---

[2]Jeanes contends the trial court did not comply with its duty to enter findings on all material issues. The factual issues which he presents, however, were not necessary to resolve the case and, therefore, did not have to be decided by the trial court. *Daughtry v. Jet Aeration Co.,* 91 Wn.2d 704, 592 P.2d 631 (1979).

been held as a ground for rescission. Inadequacy of consideration and undue influence[3] may warrant rescission. (Footnote omitted.) The Act does not bar rescission. RCW 25.04.390. Furthermore, only valid partnership agreements are subject to the rule that there is no cause of action between partners prior to an accounting. *Dulien Steel, Inc. v. Lampson R.R. Contractors, Inc.,* 12 Wn. App. 232, 529 P.2d 848 (1974). The trial court, therefore, properly invoked the equitable rules of rescission to place the parties in the position they were in prior to the invalid agreement. *DeCoria v. Red's Trailer Mart, Inc., supra.* RCW 25.04.050.

### WAIVER OF RIGHT TO RESCIND

Jeanes next contends that Ferguson did not act with reasonable promptness to rescind the agreement and that there was no evidence to support the trial court's finding that she did not waive her rights.

A person desiring to rescind a contract must act with reasonable promptness, and where a delay reveals an intent to waive a right to rescind, the contract is valid and binding. *Whitman Realty & Inv. Co. v. Day,* 161 Wash. 72, 296 P. 171 (1931); *Grant v. Morris,* 7 Wn. App. 134, 498 P.2d 336 (1972). Waiver, therefore, is usually a factual issue that depends on all the facts and circumstances of the case. *Cain v. Norman,* 140 Wash. 31, 248 P. 71 (1926).

During the parties' relationship, Ferguson continued to seek payment and Jeanes continued to reassure her that it would be forthcoming. Her written confirmation of the existence of the contract was due to his reassurances and insistence. The trial court entered an unchallenged finding that Ferguson's confidence and trust in Jeanes caused a delay in pursuing her legal rights against him. This finding is a verity on appeal, *Pannell v. Thompson, supra,* which, with the evidence of ongoing undue influence, supports the finding that Ferguson did not intend to waive her right to rescind.

---

[3]In *Sizemore v. Miller,* 196 Ore. 89, 247 P.2d 224 (1952), the Oregon court recognized undue influence as grounds for rescission of a partnership agreement.

### Resulting Trust

■ Jeanes contends that his financial contribution should leave him an interest in the form of a resulting trust. A resulting trust can be implied where property is taken in the name of a grantee other than the person advancing the consideration. *Mouser v. O'Sullivan,* 22 Wn.2d 543, 156 P.2d 655 (1945). The doctrine is founded upon the principle of a presumed intent to create a trust, but where the intent appears otherwise, no trust can result. *Diel v. Beekman,* 7 Wn. App. 139, 499 P.2d 37 (1972). Here the doctrine is inapplicable because the grantee advanced most of the consideration. To the extent Jeanes contributed some funds, general equity principles do not support his request for relief. *See Adams v. Jensen–Thomas,* 18 Wn. App. 757, 571 P.2d 958 (1977). Any intent to create a trust that might be presumed by law was negated by Ferguson's involuntary assent to the partnership agreement.

The judgment of the trial court is affirmed.

James, A.C.J., and Durham, J., concur.