[No. 13374–8–I.   Division One.   January 15, 1986.]

DEAN R. GERIMONTE, *Respondent*, v. BEVERLY D. CASE, ET AL, *Appellants.*

SCHOLFIELD, A.C.J., dissents by separate opinion.

*Helsell, Fetterman, Martin, Todd & Hokanson* and *Edward W. Bassett,* for appellants.

*Richard B. Sanders,* for respondent.

RINGOLD, J.—Beverly Case[1] appeals a summary judgment awarding damages and attorney's fees to Dr. Dean Gerimonte. Finding a genuine issue of material fact, we reverse.

Following an automobile accident in January 1980, Case began chiropractic treatment with Dr. Gerimonte. On July 22, 1980, shortly after receipt of her first treatment, Case was given a document entitled "Assignment" that she was requested to sign at Gerimonte's office. This document assigned her rights to payment on a policy of insurance written by Farmers Insurance Company to Gerimonte. It further stated that if Farmers failed to pay for Gerimonte's services, Case would pay. She told Gerimonte that she objected to signing the assignment because if Farmers failed to pay his fee in full she would be unable to pay the balance. According to Case, Gerimonte then told her that if her insurance company said they would take care of her, they would. He told her not to worry. Upon Gerimonte's insistence, Case signed the document.

During the following month, Case continued to receive treatments from Gerimonte. On August 5, 18, and 22, she signed similar assignments after services were rendered.

---

[1]For simplicity we refer to the Cases in the singular.

Farmers ultimately paid only $344.50 of the total bill. Gerimonte sued Case for a balance of $790.50 claimed due. The trial court held for Gerimonte on a motion for summary judgment. Case appeals the judgment.

In reviewing the propriety of a grant of a summary judgment, the reviewing court is in the same position as the trial court, viewing the facts in the light most favorable to the nonmoving party. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). A summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Former CR 56(c). The burden is on the moving party to prove that there is no genuine issue of material fact that could influence the outcome of a trial. *Hartley,* at 774.

In answer to Gerimonte's claim, Case asserted the affirmative defense of undue influence. In *Pleuss v. Seattle,* 8 Wn. App. 133, 137, 504 P.2d 1191 (1972), we adopted the definition of undue influence found in Restatement of Contracts § 497 (1932) which states:

> Where one party is under the domination of another, or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare, a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable.

A contract may be invalidated on this basis. In *Peters v. Skalman,* 27 Wn. App. 247, 617 P.2d 448 (1980), the court considered whether a gift resulted from undue influence upon the donor. The court indicated that the following facts may give rise to a suspicion of undue influence:

> (1) that the beneficiary occupied a fiduciary or confidential relation to the donor; (2) that the beneficiary actively participated in the preparation of the document or will providing for the transfer; and (3) that the beneficiary received an unnaturally large share of the estate. In addition, the courts look at the relationship between the parties, the opportunity for exerting undue influence and

the naturalness of the gift. *In re Estate of Smith,* 68 Wn.2d 145, 411 P.2d 879, 19 A.L.R.3d 559 (1966).

*Peters,* at 255.

In the Restatement (Second) of Contracts § 177 (1981), based on former § 497, the elements of undue influence were further articulated:

> (1) Undue influence is unfair persuasion of a party who is under the domination of the person exercising the persuasion or who by virtue of the relation between them is justified in assuming that that person will not act in a manner inconsistent with his welfare.
> (2) If a party's manifestation of assent is induced by undue influence by the other party, the contract is voidable by the victim.
> . . .
> Comment:
> *a. Required domination or relation.* The rule stated in this Section protects a person only if he is under the domination of another or is justified, by virtue of his relation with another in assuming that the other will not act inconsistently with his welfare. Relations that often fall within the rule include those of parent and child, husband and wife, clergyman and parishioner, and physician and patient. In each case it is a question of fact whether the relation is such as to give undue weight to the other's attempts at persuasion. . . .
> *b. Unfair persuasion.* Where the required domination or relation is present, the contract is voidable if it was induced by any unfair persuasion on the part of the stronger party. The law of undue influence therefore affords protection in situations where the rules on duress and misrepresentation give no relief.

Case argues that whether undue influence was exerted is a question of fact. She contends that due to the physician/patient relationship between herself and Gerimonte, she agreed to sign the assignments which were otherwise objectionable to her. She states that she only signed them because Gerimonte told her that she need not "worry very much, because if they (Farmers) said they're going to take care of you, they'll take care of you."

Gerimonte responds that the motion for summary judg-

ment was properly granted because there was no clear, cogent and convincing evidence that Case signed the assignments as the result of undue influence that overcame her free will to resist. Gerimonte relies upon *Ferguson v. Jeanes,* 27 Wn. App. 558, 619 P.2d 369 (1980), in which this court stated: "Persuasion is unfair (or influence is undue) only when it overcomes the will of another such that her own free agency is destroyed." *Ferguson,* at 563.

This rule was adopted from *Binder v. Binder,* 50 Wn.2d 142, 309 P.2d 1050 (1957). The *Binder* court derived the rule from the Restatement of Contracts § 497 (1932).

In *In re Infant Child Perry,* 31 Wn. App. 268, 641 P.2d 178 (1982), however, this court stated that "[t]he essence of undue influence is unfair persuasion." *Perry,* at 272. We then quoted the Restatement (Second) of Contracts § 177, comment *b* (1981) which states:

> The ultimate question is whether the result was produced by means that seriously impaired the free and competent exercise of judgment. Such factors as the unfairness of the resulting bargain, the unavailability of independent advice, and the susceptibility of the person persuaded are circumstances to be taken into account in determining whether there was unfair persuasion, . . .

*Perry,* at 272–73. To establish undue influence it is no longer necessary to prove that the persuasion has "overcome the will."

This court has recently stated that while clear, cogent and convincing evidence is the proper standard of proof of undue influence at trial, "it is not the proper standard to be applied to determinations regarding summary judgment motions." *Estate of Randmel v. Pounds,* 38 Wn. App. 401, 405, 685 P.2d 638 (1984).[2] The nonmoving

---

[2]In *State v. Gross,* 23 Wn. App. 319, 325, 597 P.2d 894 (1979), we emphasized: "Whether the trial level burden of proof is preponderance of the evidence, clear and convincing evidence or proof beyond a reasonable doubt, when an appellate tribunal determines the evidence is substantial, the trial court's findings of fact will not be reversed. *State v. Lewis,* 19 Wn. App. 35, 573 P.2d 1347 (1978)." (Footnote omitted.)

party is entitled to all favorable inferences that may be deduced from the varying affidavits. *Estate of Randmel,* at 405.

The physician/patient relationship is one in which a confidential relationship often exists. *McCutcheon v. Brownfield,* 2 Wn. App. 348, 356–57, 467 P.2d 868 (1970); Restatement (Second) of Contracts § 177, comment *a* (1981). This court has also recognized that the "existence of undue influence between persons in a confidential relationship is more readily inferred." *McCutcheon,* at 357.

Gerimonte offered no evidence to dispute Case's claim of undue influence. Gerimonte's motion for summary judgment simply asserted that he had a right to payment under the assignment because Farmers failed to pay the entire bill. He contends that Case signed the assignment with full understanding of the implications of its provisions. None of the evidence on these facts addresses the precise question of whether undue influence was exerted to obtain Case's signature. This requires an inferential determination of a state of mind. In *Preston v. Duncan,* 55 Wn.2d 678, 681–82, 349 P.2d 605 (1960), the court stated: "It seems obvious that in situations where, though evidentiary facts are not in dispute, different inferences may be drawn therefrom as to ultimate facts such as intent, knowledge, good faith, negligence, et cetera, a summary judgment would not be warranted." Since Case, the nonmoving party, is entitled to all favorable inferences and Gerimonte failed to demonstrate the nonexistence of undue influence, the trial court erred in granting the motion for summary judgment.

We reverse and remand for trial. Case, as prevailing party, is awarded costs and attorney fees on appeal in the sum of $2,000.[3]

WILLIAMS, J., concurs.

---

[3]RCW 4.84.290 provides, in part: "If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: *Provided,* That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250."

SCHOLFIELD, A.C.J. (dissenting)—I must respectfully dissent from the majority opinion which holds, in effect, that words amounting to no more than encouragement, urging, or simple persuasion can invalidate completely a written agreement.

The majority relies upon the definition of undue influence found in Restatement of Contracts § 497 (1932), which states:

> Where one party is under the domination of another, or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare, a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable.

Gerimonte's comments amount to nothing more than an expression that, in his opinion, Case's insurance company would probably pay the bills and there was no reason for her to worry about it. Where is the evidence Case was "under the domination" of Gerimonte? What in the record will support a claim by Case that she was justified in assuming Gerimonte would not act in a manner inconsistent with her welfare? Gerimonte was obviously making arrangements to facilitate collection of his fees. His statements to her did not involve medical treatment. The release had nothing to do with the number of treatments, the charges therefor, or any other aspect of the relationship other than a simple assignment to Gerimonte of Case's rights to medical payments by Farmers Insurance Company. This was purely a business transaction, where the physician/patient relationship is relevant only as background.

The majority also cites *In re Infant Child Perry,* 31 Wn. App. 268, 272–73, 641 P.2d 178 (1982), which quotes from Restatement (Second) of Contracts § 177, comment *b,* at 491 (1981), as follows:

> The ultimate question is whether the result was produced by means that seriously impaired the free and competent exercise of judgment. Such factors as the

unfairness of the resulting bargain, the unavailability of independent advice, and the susceptibility of the person persuaded are circumstances to be taken into account in determining whether there was unfair persuasion, . . .

The central issue is the requirement of "unfair" persuasion. What is there about Gerimonte's statements to Case that amounts to *unfair* persuasion? The record here is not only lacking evidence of "unfair" conduct by Gerimonte, but there is nothing unfair or overreaching about the transaction itself. If Case was going to be treated by Gerimonte, she would be primarily liable for the reasonable cost of those treatments, whether any written document was signed or not. If she has some insurance coverage, so much the better. Gerimonte, however, was not seeking anything other than the assignment to him of her cause of action against Farmers Insurance Company for medical payments. He was not seeking anything in addition to payment for his services. He did receive an advantage in the form of a promise to pay attorney's fees in the event of suit, but that alone would not, in my view, be material evidence on the issue of undue influence. Moreover, if the "ultimate question" is whether Case executed the assignments because Gerimonte employed "means that seriously impaired [her] free and competent exercise of judgment", *Perry,* at 272 (quoting Restatement (Second) of Contracts, *supra*), I would hold, as a matter of law, that there is no evidence here to support such a finding.

The real basis for the majority's opinion, it would appear, is that, given the existence here of a physician/patient relationship, an "inference" of undue persuasion must be drawn in favor of Case, the nonmoving party in the summary judgment proceeding. That inference, not having been rebutted by Gerimonte, the majority reasons, remains as an unresolved issue of material fact, and hence summary judgment was inappropriate.

I am mindful of the rule on summary judgment that the facts must be viewed in the light most favorable to the nonmoving party. However, even given that judicial pre-

cept, I must conclude that no inference of undue persuasion can be drawn from the facts of this case. Consequently, Case's evidence was not sufficient to place the burden on Gerimonte to demonstrate the *nonexistence* of undue persuasion. In my view, summary judgment is the correct result.

The disturbing aspect of the majority opinion is that it opens wide the door for a contracting party to attempt to invalidate a written contract based on nothing more than a claim that she was persuaded to sign the contract. The evidence here shows nothing more than the urging, encouragement, or persuasion that will occur routinely in everyday business transactions.

Mrs. Case signed the release on four occasions—July 22, August 5, 18 and 22. There is no claim of undue influence in connection with any release other than the one signed on July 22.

I would rule as a matter of law on the facts before the court in this case that the affidavit filed by Case does not raise a material issue of fact on the issue of undue influence.

For these reasons, I respectfully dissent.

Appeal dismissed by Court of Appeals February 20, 1986.