Clarence D. ANDERSON and Gloria A. Anderson, husband and wife, et al., Plaintiffs,

v.

John M. THOMPSON and Jane Doe Thompson, a marital community; et al., Defendants.

No. CV–85–223–GF.

United States District Court, D. Montana, Great Falls Division.

April 25, 1986.

John D. Alexander, Great Falls, Mont., Douglas S. Dunham, Seattle, Wash., and George Robert Crotty, Jr., Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This matter is before the court on the consolidated motion of the defendants[1] requesting the court to transfer this action, in its entirety, to the United States District Court for either the Western or the Eastern District of Washington. The defendants contend that the convenience of the witnesses and the interests of justice dictate that the action be transferred to the requested forum. The plaintiffs object strenuously to the requested transfer. The matter having been fully briefed and argued to the court is now ripe for disposition.

### FACTUAL BACKGROUND

Simply stated, this is a civil action whereby the plaintiffs seek monetary damages for the defendants' alleged violation of federal and state security statutes as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. In addition, plaintiffs' complaint advances numerous pendent tort and contract claims predicated upon state law. The plaintiffs are all purchasers of stock and/or partnership interests in certain apple orchards located in the State of Washington. The overwhelming majority of plaintiffs are Montana residents who purchased apple orchard securities sometime between 1979 and 1984. The securities in the apple orchards at issue were both marketed and purchased in Montana. It is undisputed that venue of this action properly lies in the District of Montana pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

Thomas F. Clary, Great Falls, Mont., and Barry H. Zulauf, Seattle, Wash., for plaintiffs.

1. All of the named defendants, with the exception of Richard Converse, join in the motion to transfer. The court notes that Converse, a resident of Montana, has voiced no objection to the requested transfer. Cognizant of the fact that transfer of a multiple defendant case is appropriate only if the transferee district has jurisdiction over all the defendants, see, Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir.1960), the court concludes that Converse would be subject to jurisdiction in the State of Washington given his extensive business "ties" in that state.

Review of the record reveals that the defendants filed a timely motion requesting transfer under authority of 28 U.S.C. § 1404(a). Furthermore, it is undisputed that the action could have been brought in either the Eastern District or Western District of the State of Washington. Consequently, the propriety of transfer of this action is a matter left to the sound discretion of the court. Having considered, at length, all factors bearing upon the question of transferability of this action, the court finds it appropriate to GRANT defendants' motion and transfer this matter to the United States District Court for the Eastern District of Washington.

## DISCUSSION

■ The decision to transfer an action pursuant to 28 U.S.C. § 1404(a) is a decision left to the sound discretion of the trial court. *United States Aluminum Corp. v. Kawneer Co., Inc.,* 694 F.2d 193, 195 (9th Cir.1982). The propriety of transfer obviously depends upon the particular circumstances of each case. *Commodity Futures Trading Comm. v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). Section 1404(a) speaks of three general factors, *i.e.,* convenience of parties, convenience of witnesses and interests of justice. As a general proposition, it may be said that the convenience of the parties and witnesses is subordinate to the interests of justice factor. *See, e.g., Lank v. Federal Insurance Company,* 309 F.Supp. 349 (D.Del.1970); *Donald v. Seamans,* 427 F.Supp. 32 (E.D.Tenn.1976). In addition to these stated factors, courts have traditionally focused upon a host of other considerations, the determinations basically turning on the facts of each case. *See, Lopez-Perez v. Hufstedler,* 505 F.Supp. 39 (D.D.C.1980).

■ Of the factors normally analyzed in determining the most convenient forum for discretionary transfer, those of pertinence to this action, as set forth by the parties, may be stated as follows:[2] (1) plaintiffs' choice of forum, (2) plaintiffs' residence, (3) respective court's familiarity with applicable law, (4) availability of compulsory process, (5) convenience of witnesses, (6) nature, materiality and essentiality of testimony to be elicited from witnesses who must be transported, (7) ability to join additional parties, and (8) length of time action has already been pending in the transferor forum.

■ The moving party bears the burden of proof to show why the forum should be changed. *Commodity Futures Trading Commission v. Savage,* 611 F.2d 270 (9th Cir.1979). When a discretionary venue transfer would only shift the inconvenience from defendant to plaintiff, the motion to transfer should be denied. *Ammon v. Kaplow,* 468 F.Supp. 1304 (D.Kan.1979). Consequently, a transfer is not available to a forum which is equally convenient or inconvenient to the original forum. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

## PLAINTIFF'S CHOICE OF FORUM

■ In balancing the factors pertinent to the propriety of transferring the present action, the court begins by noting that a plaintiff's choice of forum should rarely be disturbed. *Pacific Car & Foundry Co. v. Pence,* 403 F.2d 949 (9th Cir.1968); *Continental Oil Co. v. Atwood & Morrill Co.,* 265 F.Supp. 692 (D.Mont.

---

**2.** The defendants suggest that the inconvenience which the present forum presents to defense counsel weighs in favor of transfer. The court, however, does not consider the convenience of counsel in determining the propriety of a discretionary transfer. *See, Solomon v. Continental American Life Ins.,* 472 F.2d 1043, 1047 (3rd Cir.1973).

The defendants also spend considerable time in attempting to convince the court that transfer to the United States District Court for the Western

District of Washington is compelled because several of the partnership agreements at issue contained a provision whereby the members agreed to arbitrate, in Seattle, Washington, any dispute arising amongst them. Because the court concludes that the United States District Court for the Eastern District of Washington presents the most convenient forum for trial of this action, it need not address the effect of these arbitration provisions upon the propriety of transfer.

1967).[3] Where an action is governed by a special venue statute, a plaintiff's choice of venue pursuant to that statute is entitled to even greater deference than in normal circumstances. *See, e.g., Montgomery Ward & Co. v. Anderson Motor Service, Inc.*, 339 F.Supp. 713 (W.D.Mo.1971). Nonetheless, though venue is invoked under a special venue provision, a transfer may still be ordered if a preponderance of relevant factors in a particular case indicates that transfer is appropriate.

In resisting the defendants' motion for change of venue, the plaintiffs, of course, place particular emphasis upon the fact that venue of this action in Montana is appropriate under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The plaintiffs are obviously correct in their assertion that the defendants' burden to justify a transfer of this action is substantial. Cognizant of that fact, the court now turns to assessing the remaining factors pertinent to the issue of transfer.

FAMILIARITY WITH GOVERNING LAW

 If questions of substantive state law are raised in a particular action, it is viewed as advantageous to have those issues decided in a federal court sitting in the state whose substantive law governs. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Consequently, the familiarity of a particular court with the governing state substantive law is a factor to be considered in determining the propriety of a discretionary transfer. *See, Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir.1966). The weight to be afforded this factor is necessarily dependent upon the complexity and/or unsettled nature of the state law issues presented. If the substantive law of the two states pertinent to the legal issues presented is not significantly different, this factor should be accorded little weight. *See, e.g., Marks v. Fireman's Fund Insurance Co.*, 109 F.Supp. 800 (S.D.N.Y.1953).

As noted, the plaintiffs' complaint contains claims for relief predicated upon the law of Montana and Washington which regulates the sale of securities in those respective states. Neither side, however, has pointed to any specific issue related to the pertinent state securities law, the resolution of which would prove especially onerous to the federal court sitting in either state. Consequently, the familiarity of either forum with the respective state securities law is apparently, in the opinion of the parties, of little significance in assessing the propriety of transfer.

The plaintiffs also seek to impose liability upon the defendants via claims founded upon the tort and contract law of the State of Washington. In requesting transfer to Washington, the defendants present a cogent argument that the substantive law of Washington regarding the rights and liabilities amongst the members of a partnership may prove critical to the posture which this case may ultimately assume. As the allegations of the plaintiffs' complaint attest, the relationship between the majority of the plaintiffs and the majority of the defendants is that of a partnership under Washington law. The substantive law of Washington will ultimately determine whether certain members of the subject partnerships are indispensable to the plaintiffs' action for an accounting, and whether an accounting is a condition precedent to the maintenance of the present action at law amongst partners. *See, Cheesman v. C.J. Sathre*, 45 Wash.2d 193, 273 P.2d 500 (1954); *Ferguson v. Jeanes*, 27 Wash.App. 558, 619 P.2d 369 (1980).

Integral to the plaintiffs' complaint are the claims of mismanagement, waste, and breach of fiduciary duty by certain managing members of the various partnerships at issue. While the plaintiffs may not agree, the potential exists that this action will reduce to claims for recovery predicated upon assertions of tortious conduct; claims

---

**3.** In *Grubs v. Consolidated Freightways, Inc.*, 189 F.Supp. 404 (D.Mont.1960), this court noted that the plaintiff's residence in the forum where an action is initiated is a proper factor to be con-

sidered in assessing the propriety of transfer. That factor is necessarily considered in determining the deference to be afforded the plaintiff's choice of forum.

which are founded entirely upon Washington law. The propriety of the plaintiffs maintaining these claims, in turn, depends upon the substantive partnership law of Washington. The likelihood that Washington's substantive law will govern a significant portion of this litigation is a consideration which weighs in favor of the requested transfer.

■ The plaintiffs do not counter the defendants' position by pointing to any unique or complex issues of Montana substantive law which could arise in this action. Rather, the plaintiffs attempt to dissuade the court from ascribing any importance to the defendants' argument by emphasizing that the tort and contract claims are of minor significance in this litigation. The plaintiffs, however, are careful to use equivocal language in presenting their argument in order to avoid suggesting that they have any intention of abandoning those claims. The plaintiffs' mere assertion that their claims are based "primarily" on federal law does not obviate the court's duty to consider the impact which Washington substantive law may ultimately have upon this litigation.

■ The court notes in passing that at the time of hearing on the present motion, the plaintiffs suggested that transfer of this action to the State of Washington would serve to abrogate the plaintiffs' ability to pursue certain causes of action founded upon the substantive law of the State of Montana. Choice of state law, however, is not a consideration in determining the propriety of a discretionary transfer, since the transferee court must apply the state law which would have been applied if there were no transfer. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This includes the transferor forum's conflict of law rules. *Id.* Therefore, transfer of this action to Washington would not in any way affect the plaintiffs' substantive rights.

## AVAILABILITY AND CONVENIENCE OF WITNESSES

■ The availability of witnesses is obviously an important factor to be considered in determining the propriety of a discretionary transfer. A moving party's inability to utilize compulsory process to compel the attendance of unwilling witnesses is a factor which weighs in favor of transfer. The pragmatic inquiry which the court must make with regard to this factor is whether testimony by deposition would be adequate. That consideration in turn, calls for an assessment of the nature and materiality of the testimony of those unwilling witnesses falling outside the subpoena power of the transferor forum. *Grubs v. Consolidated Freightways, Inc.*, 189 F.Supp. 404 (D.Mont.1960). If a significant amount of crucial evidence must be given by deposition if the case is not transferred, transfer would be appropriate. *See, Leinberger v. Webster*, 66 F.R.D. 28 (E.D.N.Y.1975).

■ While a list of the names of witnesses and a description of their anticipated testimony is not an indispensable requirement to the granting of a transfer, the lack of specificity is an important consideration in assessing the weight to be accorded the defendants' claim of unavailability. *See, Hill v. Upper Mississippi Towing Corp.*, 141 F.Supp. 692 (D.Minn.1956). The defendants in the case at bar, however, have not only identified the names of the potentially unavailable witnesses, but have provided a general statement regarding the nature, substance and materiality of those witnesses' testimony. This general statement regarding the witnesses' testimony, when coupled with the allegations in the plaintiffs' complaint, provides sufficient justification for the court to conclude that a significant number of the witnesses listed will probably be called to testify at trial.

While the plaintiffs have stressed that their claims are based primarily upon federal statutory law, it is the plaintiffs who have chosen to advance numerous tort claims predicated primarily upon Washington common law. Specifically, the plaintiffs allege, *inter alia*, that the defendants are liable for mismanagement and waste

with respect to the orchards at issue. In defense, the defendants assert that the economic and climactic conditions prevailing at the times pertinent to this lawsuit were primarily responsible for the diminishing returns experienced from the orchards. The list of potentially unavailable witnesses provided by the defendant include, among others, those individuals responsible for supervising and maintaining the apple orchards at issue; individuals whose knowledge will certainly bear upon the allegations of mismanagement and waste.

Recognition of the fundamental principle of our system of jurisprudence that the trier of facts should be given the opportunity to evaluate live testimony, convinces the court that it would be extremely unfair to the defendants in this case to have the crucial evidence pertaining to the plaintiffs' allegations of tortious conduct on the part of these defendants presented by way of deposition. The court is firmly convinced that an assessment of the credibility of the witnesses which will testify with respect to the plaintiffs' allegations of waste and mismanagement is crucial to the jury reaching a just decision in regard to those claims.

 The court is acutely aware that the mere fact a party wishes to call witnesses who reside in a transferee district is not sufficient to warrant transfer, unless the party makes a sufficient showing that the witnesses will not attend, or will be severely inconvenienced if litigation proceeds in the transferor forum. *See, e.g., Weltmann v. Fletcher*, 431 F.Supp. 448 (N.D.Ohio 1976). The defendants have not made a specific showing that the witnesses listed as potentially unavailable will in fact not attend trial in this forum. Nonetheless, given the number of the potentially unavailable witnesses, the severe inconvenience which will undoubtedly be visited upon some or all of those witnesses if the litigation proceeds in this forum weighs strongly in favor of transfer to Washington. The court must necessarily be concerned more with the inconvenience which a transfer will visit upon non-party witnesses than with the inconvenience that may result to parties.

## ABILITY TO JOIN ADDITIONAL PARTIES

 In determining the propriety of transfer under Section 1404(a), the court must give serious consideration to the movant's desire to join additional parties who are amenable to suit in the transferee district, but not in the transferor district. *See, Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2nd Cir.1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976). The defendants suggest that this particular factor is of considerable importance given the circumstances of the present case. Not all partners to the partnerships upon which this controversy centers, the defendants submit, have been joined as party plaintiffs. The defendants cite a litany of cases in support of the general principle that all members of a partnership are not only necessary but are viewed as indispensable parties to an action for an accounting of the partnership affairs. *See, e.g., Rudnick v. Delfino*, 140 Cal.App.2d 260, 294 P.2d 983 (1956). The allegations contained in the plaintiffs' complaint lend credence to the defendants' assertion that not all members of the partnerships at issue have been joined as plaintiffs in this action. The plaintiffs admit by way of their allegations that numerous of the subject partnerships were comprised of investors from Montana and Washington. The fact that these absent partners would not be subject to process in Montana militates in favor of transfer for the purpose of enabling their joinder. *See, Supco Automotive Parts, Inc. v. Triangle Auto Spring Co.*, 538 F.Supp. 1187 (E.D.Pa.1982).

The plaintiffs offer little by way of response to the defendants' contention that Washington presents the appropriate forum to enable the defendants to join certain indispensable parties. The plaintiffs merely suggest that their request for an accounting has been rendered "largely moot". They have not, however, abandoned that particular request.

**1208**

TIMELINESS

 The diligence of the movant in seeking a transfer is a factor which should be taken into consideration. *See, Kasey v. Molybdenum Corp. of America,* 408 F.2d 16 (9th Cir.1969). The record in this matter reveals that the moving defendants have acted diligently in requesting transfer. While the parties have vigorously pursued discovery to date, the action must be considered to be in its preliminary stages given the nature of the controversy. Moreover, the court is unable to conclude that the plaintiffs have suffered any prejudice by way of the short delay attendant the court's ruling on this motion.

CONCLUSION

 Having considered all the factors pertinent to the propriety of transferring the present action to one of the federal district courts sitting within the State of Washington, the court finds the balance to be tipped decidedly in favor of the defendants. Giving the plaintiffs' choice of forum the weight to which it is entitled, the court nonetheless finds that consideration of the other factors dictates that this matter be transferred to the United States District Court for the Eastern District of Washington. Given the totality of the circumstances surrounding this controversy, simple justice dictates that the action be tried in the State of Washington. While the court appreciates the convenience which this forum presents the plaintiffs, the seriousness of the allegations levelled against these defendants accentuates the duty of this court to select that forum which will provide the defendants with the fairest possible trial on the issues presented. Washington provides that forum. In view of the fact that this action centers on certain apple orchards located within the jurisdiction of the United States District Court for the Eastern District of Washington, the court finds that forum to be the appropriate one to which this action should be transferred.

For the reasons set forth herein, IT IS HEREBY ORDERED that the defendants' motion requesting the court to transfer this action pursuant to 28 U.S.C. § 1404(a) be, and the same hereby is, GRANTED. The Clerk of this court is directed to forthwith do all things necessary to accomplish TRANSFER of this action to the United States District Court for the Eastern District of Washington.