122 P.3d 729 (2005)
Kathy and James WILCOX, individually and on behalf of their marital community; Brodie and Jennifer Smith, individually and on behalf of their marital community, Appellants,
v.
LEXINGTON EYE INSTITUTE, Defendant; Dr. Peter Stockdill; Dr. Murray McFadden; Gretchen Ariz, O.D.; and Focus Eye Care, Inc., Respondents.
No. 53871-3-I.
Court of Appeals of Washington, Division 1.
August 15, 2005.
Publication Ordered October 31, 2005.
Amy Hanson, Michael Woerner, Keller Rohrback LLP, Seattle, WA, for Appellants.
Jennifer Moore, William Hickman, Tyna Ek, Rebecca Ringer, Michael Ricketts, Kingman, Peabody, Fitzharris & Ringer, Seattle, WA, Dale Traber, Abbotsford, BC, for Respondents.
*730 SCHINDLER, J.
¶ 1 Kathy Wilcox and Brodie Smith went to Canada for laser assisted in situ keratomileusis (LASIK) eye surgery. Wilcox and Smith filed a lawsuit in King County Superior Court against the Canadian surgical facility and two Canadian ophthalmic surgeons for complications from the LASIK surgery. In an amended complaint, Smith sued the Bellevue optometry center and the optometrist who conducted a pre-operation examination before his LASIK surgery. The Canadian surgeons moved to dismiss for lack of jurisdiction and improper venue. The trial court ruled Wilcox did not carry her burden to show the agreement to sue in Canada was unreasonable and dismissed her lawsuit. On appeal, Wilcox contends she met her burden and the forum selection provision is not enforceable. In the alternative, Wilcox argues the surgeons are collaterally estopped from asserting the forum selection clause. On summary judgment, the trial court ruled Smith's claims against the Bellevue optometry center and the optometrist were barred by the statute of limitations. Smith contends there are genuine issues of material fact about whether he timely filed his lawsuit within the statutory one-year discovery time period. We affirm the trial court's decision to enforce the forum selection provision but remand to determine whether one of the surgeons is collaterally estopped from asserting improper venue. We conclude Smith's claims against the Bellevue optometry center and the optometrist are barred by the statute of limitations.

FACTS
¶ 2 In 1999, Washington residents Kathy Wilcox and Brodie Smith went to Surrey, British Columbia for LASIK surgery at Lexington Eye Institute (Lexington). Before the scheduled eye surgery, Lexington sent Wilcox and Smith information about LASIK surgery and surgery consent forms. Wilcox and Smith also had pre-operation eye examinations. The first was at Focus Eye Care, Inc. (FOCUS) in Bellevue; the second was at Lexington prior to surgery. On the day of the eye surgery at Lexington, Wilcox and Smith signed an eye surgery consent form. On June 22, 1999 and September 29, 1999, Dr. Murray McFadden performed LASIK eye surgery on Smith and Wilcox. Wilcox subsequently returned to Lexington for a second surgical procedure performed by Dr. Peter Stockdill. Wilcox and Smith each suffered complications from LASIK eye surgery.
¶ 3 On May 31, 2002, Wilcox and Smith sued Lexington, Dr. McFadden, and Dr. Stockdill in King County Superior Court.[1] The court entered a default judgment against Lexington.[2] In March 2003, Smith filed an amended complaint naming Focus and, Gretchen Ariz, O.D., the Focus optometrist who performed a pre-operation examination, as additional defendants. Dr. McFadden filed a motion to dismiss for lack of personal jurisdiction and improper venue. Dr. Stockdill filed a motion to dismiss for improper venue. The trial court ruled the forum selection provision in the "Lexington Laser Vision Surgical Consent Form"[3] was enforceable and on April 11, 2003, entered an order dismissing the lawsuit filed in King County against Dr. McFadden and Dr. Stockdill. On April 22, Wilcox filed motions for reconsideration, which the court denied. In January, 2004, the court dismissed Smith's claims against Focus and Dr. Ariz as barred by the statute of limitations. Wilcox appeals the trial court's decision to enforce the forum selection clause and deny her motions for reconsideration.[4] Smith appeals the order dismissing his claims against Focus and Dr. Ariz as barred by the statute of limitations.

ANALYSIS

Forum Selection Clause
¶ 4 Wilcox claims the trial court erred in dismissing her lawsuit based on the forum *731 selection provision in the LASIK Eye Surgery Consent Form that designates Canada as the proper forum for the suit. Relying on our decision in Voicelink Data Services, Inc. v. Datapulse. Inc., 86 Wash.App. 613, 937 P.2d 1158 (1997), the trial court ruled that Smith "failed to produce any evidence as to why the forum selection clause should not be enforced."[5]
¶ 5 The parties disagree about the proper standard of review. Wilcox argues review is de novo. Dr. McFadden and Dr. Stockdill argue we should review the trial court's decision for abuse of discretion. Here, as in Voicelink, the question is whether Wilcox met her burden of proving that the forum selection clause should not be enforced. We conclude Wilcox failed to meet her burden under either a de novo or an abuse of discretion standard.
¶ 6 Washington courts will enforce a forum selection clause unless it is unreasonable or unjust. Voicelink, 86 Wash.App. at 618, 937 P.2d 1158. Because the court does not accept the pleadings as true, the party challenging a forum selection provision bears a heavy burden to show it should not be enforced. Id. at 618, 937 P.2d 1158; Bank of America, N.A. v. Miller, 108 Wash. App. 745, 748, 33 P.3d 91 (2001). "[A]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties."[6]
¶ 7 Wilcox, a bank manager in Harrington, Washington, learned about Lexington from her sister who traveled to Canada to have LASIK surgery done there. Wilcox also read about Lexington on its website. The website described the surgery and included information about the surgeons. Wilcox called Lexington and paid for her surgery by credit card. She then received a "Surgical Information Guide" and a "Laser Eye Surgery Consent Form" from Lexington.[7]
¶ 8 On the last page before the signature line, the consent form contains a forum selection clause designating Canada as the sole forum for any disputes related to LASIK surgery.

Jurisdiction
I hereby acknowledge that the treatment will be performed in the Province of British Columbia and the Courts of the Province of British Columbia shall have sole jurisdiction to entertain any complaint, demand, claim or cause of action, whether based on alleged breach of contract or alleged negligence arising out of the treatment. I hereby agree that if I commence any such legal proceedings they will be only in the Courts of the Province of British Columbia, and I hereby irrevocably submit to the exclusive jurisdiction of the Courts of the Province of British Columbia.[8]
¶ 9 On September 29, 1999, before her scheduled surgery with Dr. McFadden, Wilcox met with a Lexington representative to review and sign the "Lexington Laser Vision Surgical Consent Form."[9] The surgery consent form contained a forum selection clause that was identical to the Laser Eye Surgery Consent Form Wilcox had received in the mail and previously reviewed.[10] Wilcox initialed each page of the Lexington LaserVision Surgical consent form on September 29, and signed directly below the forum selection provision. During Wilcox's LASIK surgery, Dr. McFadden incorrectly programmed the LASIK equipment for Wilcox's eye surgery. On February 25, 2000, Wilcox returned to Lexington for another LASIK eye surgery. She signed another surgical consent form *732 and Dr. Peter Stockdill performed the second surgical procedure on her.
¶ 10 Below, Dr. McFadden filed a motion to dismiss for lack of personal jurisdiction and improper venue. Dr. Stockdill filed a motion to dismiss based solely on improper venue. In opposition to the motion to dismiss, Wilcox focused primarily on Dr. McFadden's lack of jurisdiction argument. In response to the motions to dismiss for improper venue, Wilcox relied exclusively on the doctrine of mutual mistake to argue that the forum selection provision in the consent form was unenforceable.[11] The trial court ruled Wilcox failed to carry her burden of showing why the forum selection provision should not be enforced and entered the order of dismissal on April 11, 2003. Wilcox filed a CR 59 motions for reconsideration on April 22. In her motion for reconsideration, Wilcox argued the forum selection clause should not be enforced because of fraud, undue influence, overweening bargaining power and lack of consideration. The trial court denied the motion to reconsider.
¶ 11 On appeal, Wilcox abandons her argument of mutual mistake altogether and instead relies exclusively on the new arguments she raised for the first time in her CR 59 motion for reconsideration.[12] Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of manifest abuse of discretion. Perry v. Hamilton, 51 Wash.App. 936, 938, 756 P.2d 150 (1988). A trial court abuses discretion when its decision is based on untenable grounds or reasons. Wagner Dev., Inc. v. Fidelity & Deposit Co. of Maryland, 95 Wash.App. 896, 906, 977 P.2d 639 (1999).
¶ 12 Relying on Reitz v. Knight, 62 Wash.App. 575, 581 n. 4, 814 P.2d 1212 (1991), Wilcox claims she can raise new theories of law for the first time in a motion for reconsideration. Wilcox's reliance on Reitz is misplaced. In Reitz, we held that a new theory based on the evidence presented in a nonjury bench trial could be raised for the first time in a motion for reconsideration. But here, the motion for reconsideration arguments were based on new legal theories with new and different citations to the record. Wilcox offers no explanation for why these arguments were not timely presented. CR 59 does not permit a plaintiff to propose new theories of the case that could have been raised before entry of an adverse decision. JDFJ Corp. v. Int'l Raceway, Inc., 97 Wash. App. 1, 7, 970 P.2d 343 (1999).
¶ 13 In any event, Wilcox's new motion for reconsideration arguments are unpersuasive. First, unlike Gerimonte v. Case, 42 Wash.App. 611, 712 P.2d 876 (1986), Wilcox presented no evidence of unfair persuasion or misrepresentation by Dr. McFadden or Dr. Stockdill about the forum selection clause. Wilcox had the opportunity to read the Laser Eye Surgery Consent Form and the forum selection clause well in advance of her surgery and again at Lexington on the day of her surgery. The forum selection provision is clearly written and Wilcox's signature appears directly underneath a conspicuous "Jurisdiction" heading.[13] Next, Wilcox argues that the forum selection provision is part of an unenforceable adhesion contract and there was no consideration. Even if the surgery consent form is an adhesion contract, it is not necessarily unenforceable. Zuver v. Airtouch Communications, 153 Wash.2d 293, 103 P.3d 753 (2004); Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 45 P.3d 594 (2002). The terms were not buried in fine print and Wilcox presents no evidence of undue influence to sign the surgery consent form and agree to the forum selection clause without a reasonable opportunity to consider the terms of the agreement. While performance of a pre-existing legal obligation does not constitute valid consideration, there is no evidence that Wilcox asked for a refund or objected to the forum selection clause before *733 the surgery. In addition, Wilcox presents no evidence that Dr. McFadden had a pre-existing legal obligation. Multicare Med. Center v. State, Dep't of Soc. & Servs., 114 Wash.2d 572, 584, 790 P.2d 124 (1990).
¶ 14 We conclude Wilcox failed to carry her burden to produce evidence that the forum selection clause is unfair or unreasonable and the trial court did not abuse its discretion in denying the motion for reconsideration.
¶ 15 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: KENNEDY and AGID, JJ.
NOTES
[1] Wilcox and Smith sued as individuals and on behalf of their marital communities.
[2] Lexington is no longer in business.
[3] CP at 304-310.
[4] The April 11, 2003 order also dismissed Smith's claims against Dr. McFadden and Dr. Stockdill based on the forum selection clause in the surgery consent form. Smith does not challenge this order on appeal.
[5] Clerk's Papers (CP) at 2133.
[6] Voicelink, 86 Wash.App. at 618, 937 P.2d 1158 (quoting, Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir. 1984)).
[7] CP at 283-302.
[8] CP at 301.
[9] CP at 304-310.
[10] CP at 283-302.
[11] Wilcox claimed Dr. McFadden misrepresented his qualifications on the website and in the Lexington surgical information guide.
[12] Because Wilcox does not argue mutual mistake on appeal. Therefore, we conclude the issue has been abandoned. State v. Williams, 96 Wash.2d 215, 226, 634 P.2d 868 (1991); Transamerica Ins. Group v. United Pac. Ins. Co., 92 Wash.2d 21, 28-29, 593 P.2d 156 (1979).
[13] CP at 301, 310, 320.