FILED
5/13/2019
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BULK FR8, LLC, | ) | No. 77554-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MATTHEW SCHULER, DEREK | ) | |
| BROWN, AND TOTAL CONNECTION | ) | |
| LOGISTIC SERVICES, INC., a | ) | |
| New Jersey Corporation, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellants. | ) | FILED: May 13, 2019 |
| | ) | |

MANN, A.C.J. — Total Connection Logistic Services, Inc. (Total Connection), a New Jersey corporation subject to Washington's long-arm statute, was previously awarded attorney fees for the added litigative burden of litigating in Washington rather than New Jersey. Bulk FR8, LLC v. Schuler, No. 75108-5-I (Wash. Ct. App. Mar. 20, 2017) (unpublished). Total Connection appeals the trial court's denial of its attorney fees on remand and contends that the trial court disobeyed this court's prior ruling.

We disagree and affirm.

I.

Bulk FR8, LLC, sued Matthew Schuler, Derek Brown, and Total Connection on December 9, 2015. The dispute concerned a noncompete and nondisclosure agreement that Schuler and Brown signed while employed at Bulk FR8. After leaving Bulk FR8, Schuler and Brown began working at Total Connection, Bulk FR8's competitor in the transportation brokerage industry. Total Connection is incorporated in New Jersey. Bulk FR8's allegations against Schuler and Brown included breach of contract, misappropriation of trade secrets, and against all defendants, intentional interference with a business expectancy.

Bulk FR8 moved for a temporary restraining order and a preliminary injunction. The trial court granted the temporary restraining order but subsequently denied the preliminary injunction, finding that substantial issues existed as to the legal enforceability of the noncompete and nondisclosure agreement, and that Bulk FR8 could not show a clear legal or equitable right to a preliminary injunction. On March 1, 2016, the trial court granted Bulk FR8's motion for an order of voluntary dismissal of all parties.

On March 9, 2016, Total Connection moved for attorney fees and alternatively, an order vacating the voluntary dismissal. The trial court denied both motions and Total Connection appealed.

On appeal, this court held that Total Connection was entitled to attorney fees as an out-of-state defendant under Washington's long-arm statute, but that Total Connection should recover only the amount necessary to compensate it for the added litigative burden of being an out-of-state defendant. Bulk FR8, LLC, slip. op. at 15. In

-2-

addition, this court noted that "[o]ur decision on fees under the long-arm statute only applies to Total Connection, as the only defendant who is out of state." Bulk FR8, LLC, slip. op. at 15. This court remanded for "a determination of the amount of fees for trial and for appeal that Total Connection is entitled to receive." Bulk FR8, LLC, slip. op. at 12.

Bulk FR8 petitioned the Washington Supreme Court for review of this court's decision. Total Connection cross-petitioned for review. The Washington Supreme Court denied both petitions for review.

On remand to the trial court, Total Connection argued that the court should consider efforts by its counsel not just for Total Connection, but for all three defendants, because their "interests were perfectly aligned throughout the entire case, so representation was inextricably interrelated." Total Connection explained "it is not possible to separate time spent defending one defendant in this case."

The trial court denied Total Connection's motion for fees in its entirety, finding that Total Connection failed to comply with the Court of Appeal's direction to request only attorney fees associated with the added litigative burden and for only defendant Total Connection.

After an unsuccessful motion for reconsideration, Total Connection appealed.

II.

The standard of review for a denial of attorney fees is twofold. "We review de novo whether there is a legal basis for awarding attorney fees under statute, contract, or in equity." Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). We review the trial court's discretionary decision to award or deny attorney fees and the

-3-

reasonableness of any attorney fee award for abuse of discretion. Gander, 167 Wn. App. at 647.

As we previously determined, there is a legal basis for an award of attorney fees. RCW 4.28.185(5) provides: "[i]n the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees." This court previously held, as a matter of law, that an out-of-state defendant, subject to a voluntary nonsuit, may recover attorney fees for the added litigative burden of litigating in the forum state, rather than its home state. Bulk FR8, LLC, slip. op. at 12; RCW 4.28.185(5).

Consequently, our analysis focuses on whether the trial court abused its discretion by denying attorney fees to Total Connection.

A.

Total Connection first contends that the trial court abused its discretion by failing to award it attorney fees when the Court of Appeals determined that it was legally entitled to fees for the added litigative burden under the long arm statute. We disagree.

"[A]ttorney fees awards must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues." Hume v. American Disposal Co., 124 Wn.2d 656, 672, 880 P.2d 988 (1994) (citations omitted). A trial court abuses its discretion if it awards fees that should have been segregated because the legal authority for awarding fees applies only to some claims. Hume, 124 Wn.2d at 673. The burden of segregating fees rests with the party claiming those fees.

No. 77554-5-I/5

<u>Loeffelholz v. Citizens for Leaders with Ethics and Accountability Now (C.L.E.A.N.)</u>, 119
Wn. App. 665, 690, 82 P.3d 1199 (2004).

In rejecting Total Connection's request, the trial court explained:

> Total Connection[] argues that this court should award an amount of
> attorney fees incurred by all three defendants because their "interests
> were perfectly aligned throughout the entire case, so representation was
> inextricably interrelated" and that Total Connection is also "entitled to all its
> cost from all three levels of courts."
>
> In effect, Defendants have ignored the direction of the Court of Appeals
> and made a request for attorney fees in general rather than pursuant to
> RCW 4.28.185(5). No effort whatsoever has been made to articulate what
> level of compensation is required as a result of the "added litigative
> burdens" resulting from the use of the long-arm statute. Other than
> arguing that all three defendants were perfectly aligned and the entire
> litigation cost x, there is no attempt to demonstrate what part of the cost, if
> any, was related to the "added litigative burdens" attributable to the long-
> arm statute. And since jurisdiction over the other two defendants was not
> pursuant to the long-arm statute, the three defendants were not perfectly
> aligned in that regard.

Here, Total Connection failed to meet its burden and made no effort to segregate fees
to reflect only the added litigative burden as required by this court's prior ruling. The
trial court did not abuse its discretion in denying fees on this basis.

B.

Total Connection next contends that the trial court abused its discretion in
denying its attorney fees for its first appeal to this court. Again, we disagree.

In its request for attorney fees for its first appeal, Total Connection did not
segregate time spent between successful and unsuccessful claims. In addition to
appealing the issue of whether a prevailing party is entitled to attorney fees under
Washington's long-arm statute, Total Connection, Schuler, and Brown also appealed
the trial court's grant of Bulk FR8's voluntary dismissal and the exoneration of the bond

-5-

for the temporary restraining order. <u>Bulk FR8, LLC</u>, slip. op. at 1. Total Connection's two additional claims were unsuccessful. <u>Bulk FR8, LLC</u>, slip. op. at 1. The award of attorney fees on appeal was limited to defendant Total Connection and the issue of whether an out-of-state defendant—in a voluntary nonsuit—is or is not a prevailing party under the long-arm statute's attorney fee provision. <u>Bulk FR8, LLC</u>, slip. op. at 10.

Again, Total Connection had the burden of segregating its attorney's time. <u>Hume</u>, 124 Wn.2d at 672. Total Connection failed to carry its burden of segregating fees between its successful and unsuccessful claims on appeal. Total Connection's fee request did not explain why it was unable to segregate time spent between the three issues on appeal. Total Connection's motion focused on arguing that all three defendants' interests were aligned, but this argument applied only to the time spent litigating in the trial court, and did not address time spent preparing the three different issues on appeal.

The trial court did not abuse its discretion in declining to award Total Connection its attorney fees on appeal.

C.

Total Connection next argues that the trial court's denial of its motion for reconsideration was manifestly unreasonable because it did not provide a written explanation in its order. We disagree.

We review a trial court's denial of a motion for reconsideration for abuse of discretion. <u>Wilcox v. Lexington Eye Inst.</u>, 130 Wn. App. 234, 241, 122 P.3d 729 (2005). The trial court has discretion in granting or denying a motion for reconsideration and a

reviewing court will not reverse a trial court's ruling absent a showing that the decision was based on untenable grounds or reasons. Wilcox, 130 Wn. App. at 241.

Total Connection cites no authority to support its argument that a trial court's order denying a motion for reconsideration must provide a written explanation for its denial. The trial court provided a detailed explanation when it denied Total Connection's motion for fees. Total Connection did not make any new arguments in its motion for reconsideration warranting a different result than the one in the trial court's denial.

The trial court did not abuse its discretion in denying Total Connection's motion for reconsideration.

## III.

Next, Total Connection contends that it should be awarded its attorney fees for answering Bulk FR8's unsuccessful petition for review to the Washington Supreme Court. We disagree.

The Washington Supreme Court denied Bulk FR8's petition for review. Total Connection did not request attorney fees in its answer to Bulk FR8's petition for review.

Under RAP 18.1(j),

[i]f attorney fees and expenses are awarded to the party who prevailed in the Court of Appeals, and if a petition for review to the Supreme Court is subsequently denied, reasonable attorney fees and expenses may be awarded for the prevailing party's preparation and filing of the timely answer to the petition for review. A party seeking attorney fees and expenses should request them in the answer to the petition for review. The Supreme Court will decide whether fees are to be awarded, the party to whom fees are awarded should submit an affidavit of fees and expenses within the time and in the manner provided in section (d).

RAP 18.1(j) is not ambiguous; it requires a prevailing party in the Court of Appeals who answers an unsuccessful petition for review to the Supreme Court to request attorney fees in its answer to the petition.

Since Total Connection did not request attorney fees in its answer to the petition Total Connection's request is untimely and not properly before this court.

IV.

Finally, Bulk FR8 requests its attorney fees on appeal under RAP 18.1 and 18.9 contending that Total Connection's appeal was frivolous. We disagree.

Reasonable attorney fees are recoverable on appeal only if allowed by statute, rule, or contract. RAP 18.1(a). "RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citation omitted). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocates for Responsible Dev., 170 Wn.2d at 580 (citation omitted). Any doubt "as to whether the appeal is frivolous should be resolved in favor of the appellant." Advocates for Responsible Dev., 170 Wn.2d at 580.

This appeal was not so devoid of merit that there was no possibility of reversal. While Total Connection's approach to requesting attorney fees on remand was unsuccessful, we cannot say that Total Connection's arguments on appeal presented

no debatable issue upon which reasonable minds might differ. We deny Bulk FR8's request for fees on appeal.

We affirm.

_Maan, A.C.J._

WE CONCUR:

_Andrus, J._                    _Verellen, J._