[No. 12754-3-I.   Division One.   July 22, 1985.]

LEE CAMERON, *Respondent*, v. NEON SKY, INC.,
*Defendant*, JAMES A. CAMPBELL, ET AL,
*Appellants*.

*Van Valin & Watts, Inc., P.S.*, and *Charles E. Watts*, for appellants.

*Graham & Dunn, Michael E. Kipling*, and *Edward W. Pettigrew*, for respondent.

SCHOLFIELD, J.—James and Lynda Campbell appeal summary judgment granted respondent Cameron, alleging they did not improperly withhold Cameron's wages in violation of RCW 49.48.010 and RCW 49.52.050.

The Campbells, husband and wife, own 75 percent of the stock of a closely held corporation, Neon Sky, Inc., whose

only asset is a restaurant operation in Kitsap County, Washington. Respondent Cameron was a 25 percent shareholder in the corporation and was the managing officer and employee of the corporation from its inception until his employment was terminated in February 1982.

A written employment agreement provided that Cameron was to receive $2,000 per month consulting salary, to be increased to an annual salary of $26,000, apparently when the restaurant opened. According to Campbell, the restaurant opened in March 1981. In Campbell's affidavit in opposition to the motion for summary judgment, he stated that in the fall of 1981, Cameron's salary was raised to $29,000.

Also in his affidavit, Campbell stated that sometime thereafter, Cameron unilaterally increased his own salary to $34,800 by instructing the bank to increase his payroll check. Campbell stated that Cameron was totally without authority to make this change in his salary and that Campbell did not learn of the change until January 1982.

On February 27, 1982, the directors decided to terminate Cameron's employment. On February 26, 1982, the corporation tendered a final payroll check to Cameron in the amount of $1,976.10. The directors calculated his earnings to be $6,174.30, from which they deducted several amounts, including "overpayment" from March 15, 1981 to January 31, 1982 of $3,570.88. The check was apparently intended to cover the period from February 15 through 27. Cameron did not cash the check, but instead, returned it.

Cameron sued the Campbells for unlawfully withholding his wages in violation of RCW 49.48.010[1] and RCW 49.52-

---

[1]RCW 49.48.010 provides:

"When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period: *Provided, however,* That this paragraph shall not apply when workers are engaged in an employment that normally involves working for several employers in the same industry interchangeably, and the several employers or some of them cooperate to establish a plan for the weekly payment of wages at a central place or places and in accordance with a unified schedule of paydays providing for at least one payday

.050.[2] The trial judge entered summary judgment on the claim for wages due in the amount of $6,174.30 (minus lawful deductions), plus the statutory exemplary damages[3] and

---

each week; but this subsection shall not apply to any such plan until ten days after notice of their intention to set up such a plan shall have been given to the director of labor and industries by the employers who cooperate to establish the plan; and having once been established, no such plan can be abandoned except after notice of their intention to abandon such plan has been given to the director of labor and industries by the employers intending to abandon the plan: *Provided further,* That the duty to pay an employee forthwith shall not apply if the labor–management agreement under which the employee has been employed provides otherwise.

"It shall be unlawful for any employer to withhold or divert any portion of an employee's wages unless the deduction is:

"(1) Required by state or federal law; or

"(2) Specifically agreed upon orally or in writing by the employee and employer; or

"(3) For medical, surgical or hospital care or service, pursuant to any rule or regulation . . .

"Paragraph *three of this section shall not be construed to affect the right of any employer or former employer to sue upon or collect any debt owed to said employer or former employer by his employees or former employees.

"*Reviser's note: The reference to paragraph three of this section appears to be erroneous. . . . It was apparently intended that the phrase 'paragraph three of this section' refers to the paragraph beginning 'It shall be unlawful . . .', which now appears as the second paragraph of the section."

[2]RCW 49.52.050 provides:

"Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who

"(1) Shall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee; or

"(2) Wilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . .

". . .

"Shall be guilty of a misdemeanor."

[3]RCW 49.52.070 provides:

"Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: *Provided, however,* That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations."

interest at 12 percent from February 26, 1982. Attorney's fees were not awarded.

Campbell contends that, at the very least, the dispute over whether there was previous overpayment and whether that overpayment could be deducted from the amount owing at the end of Cameron's employment raised a genuine issue of material fact, therefore precluding summary judgment. We perceive, however, that the issue is whether deduction for an alleged debt from wages due upon termination of employment is, as a matter of law, a willful withholding of wages in violation of RCW 49.52.050. We hold that it is not.

This statute, sometimes termed the "Anti–Kickback statute," was enacted to prevent abuses by employers in a labor–management setting, *e.g.*, coercing rebates from employees in order to circumvent collective bargaining agreements. *McDonald v. Wockner*, 44 Wn.2d 261, 269–71, 267 P.2d 97 (1954). Section (2) of the statute, however, has also been applied to settings in which there is merely a bad faith withholding of wages due for work performed. *Ebling v. Gove's Cove, Inc.*, 34 Wn. App. 495, 500, 663 P.2d 132 (1983); *Brandt v. Impero*, 1 Wn. App. 678, 463 P.2d 197 (1969).

We conclude that the Campbells did not violate RCW 49.52.050 because they freely acknowledged the full amount of wages and severance pay due Cameron. They did not try to pay him a wage that was lower than the wage they were obligated by law to pay. There was no "intent to deprive the employee of any part of his wages", the act proscribed by the statute. Even Cameron does not argue that the deduction was a mere ruse to deprive him of wages. He apparently concedes that the deduction was made because of the disputed "overpayment". Thus, we hold the trial court erred in ruling that deducting the amount of an alleged debt from wages admittedly owed is a violation of RCW 49.52.050. Because there was no violation of the statute, the award of exemplary damages under RCW 49.52.070 will be set aside.

■ The trial court was, however, correct in ruling that the Campbells violated RCW 49.48.010, which makes it unlawful for an employer to withhold or divert any portion of an employee's wages except in three limited circumstances, none of which apply here. Under that statute, the Campbells' deduction for an alleged debt was an unauthorized setoff. The statute clearly anticipates that an employer's remedy to collect a debt owed by an employee or former employee shall be the right to sue. Thus, the Campbells, instead of taking the matter into their hands by deducting part of Cameron's wages for the alleged "overpayment", should have brought an action against Cameron.

In view of our disposition of the case, Cameron's request for attorney's fees on appeal is denied.

The judgment is reversed and remanded to the trial court with directions to vacate the award of exemplary damages and enter a judgment only for the amount of wages due, $6,174.30, minus lawful deductions.

CORBETT, C.J., and GROSSE, J., concur.

Reconsideration denied September 20, 1985.

Review denied by Supreme Court November 22, 1985.