54 Wn. App. 170 (1989)
773 P.2d 89
JAMES I. YATES, Appellant,
v.
THE STATE BOARD FOR COMMUNITY COLLEGE EDUCATION, ET AL, Respondents.
No. 9087-6-III.
The Court of Appeals of Washington, Division Three.
April 27, 1989.
Daryl Jonson and Cowan, Walker, Jonson & Moore, for appellant.
Kenneth O. Eikenberry, Attorney General, and Nancy Sloane, Assistant, for respondents.
SHIELDS, J.
This is an appeal from an action brought by James I. Yates in which he claimed his employer, Columbia Basin College (CBC), unlawfully refused to pay wages due him. The wages were paid after the complaint was filed. At the close of Mr. Yates' evidence, the court dismissed the case. We affirm.
Mr. Yates is a guidance counselor at CBC. This case involves a dispute over provisions in the 1985-1986 master contract negotiated by CBC and the certified bargaining representative for academic personnel, Columbia Basin College Association for Higher Education (AHE), which were incorporated into Mr. Yates' employment contract. Those provisions state, in pertinent part:
C. Advancement.
...
2. A minimum of 15 professional improvement credits earned for each step advancement as defined under E. and F. below. If more than 15 credits are earned in any given year, the credits over the 15 credit block shall be *172 carried forward for future use, within the time constraints listed in 3. below.
3. Any credits earned more than 7 years prior to the beginning of the current academic contract year shall expire in value and application toward current step advancement.

...
G. Implementation.
...
2. Programs which receive approval prior to July 1 and documentation by Septebmer [sic] 15 of the contracting year count toward salary schedule placement for the ensuing contract year with the exception noted in C.3. above.
(Italics ours.) Mr. Yates and 13 other employees earned the required number of professional improvement credits during the 1985-1986 academic year.
The master contract expired on June 30, 1986. Prior to its expiration, in April 1986, CBC and AHE, with Mr. Yates as a negotiator and spokesperson, began negotiating the 1986-1987 contract. That same month, the Legislature passed Engrossed Substitute Senate Bill (ESSB) 4762, Laws of 1986, ch. 312, p. 1379, which authorized a 3 percent pay increase for community college faculty and exempt employees effective September 1, 1986. The bill contained a proviso that
[N]o community college district may grant from any fund source whatsoever any salary increase greater than provided in this section, and that the salary increase authorized in this section shall be calculated using the fiscal year 1984-85 salary base.
Laws of 1986, ch. 312, § 703(4), p. 1446. This bill created a major issue over payment for the professional improvement credits.
The negotiating committees for CBC and AHE reached two tentative agreements concerning allocation of the funds provided by ESSB 4762. The first would have paid a 3 percent increase to all faculty. That proposal was rejected by the faculty on the basis it failed to recognize salary differentials created by the professional improvement credits. *173 The second would have paid the professional improvement credits first and the remainder, representing a 2.53 percent salary increase, to all employees. CBC agreed to this proposal; however, the faculty rejected it. Mr. Yates explained the reason for that rejection was that the faculty wanted to vigorously pursue a negotiated settlement of the complete contractual agreement rather than settlement in piecemeal fashion.
Since there was no consensus by the faculty concerning how to distribute the salary increase authorized by ESSB 4762 and in order to comply with the effective date of the bill, on September 8, 1986, CBC adopted a resolution to pay the 3 percent increase across the board to all faculty. The issue of professional improvement credits was to be "the number one priority in [the] 1987-88 negotiations." Grievances were filed by AHE and Mr. Yates on behalf of himself and all other affected members. CBC rejected the grievances on the basis no contract was in effect.
Negotiations, however, continued over the credits for the 1987-1988 contract; early in January 1987, contracts were exchanged between AHE and CBC containing provisions for them. Nevertheless, on January 16, 1987, Mr. Yates filed this action for recovery of wages allegedly owed. He also sought double damages, costs and attorney fees for the willful withholding of those wages. RCW 49.52.050, .070. Finally, he sought a declaratory judgment that ESSB 4762 was unconstitutional because it impaired his contract right to receive payment.[1] In April he filed a motion for summary judgment to resolve the constitutional question. Meanwhile, CBC and AHE agreed to arbitrate concerning the credits.
Before either the summary judgment motion or the arbitration proceeding was heard, the 1987 Legislature appropriated unrestricted funds for another salary increase. The *174 allocation of these funds was also subject to negotiations. CBC offered again to pay the credits, but the faculty, through AHE, preferred another across the board salary increase.
Based on the evidence of CBC's previous and current offers to pay the credits, Mr. Yates' motion for summary judgment was denied. CBC paid the professional improvement credits in May, June and July 1987, from the 1987 unrestricted salary appropriation.
AHE and CBC negotiated a contract for 1987 through 1989, which provided it constituted "resolution of any claims by [AHE] regarding salary schedule movement prior to Fall Quarter, 1987." It further stated "[a]ll items agreed upon during negotiations and reduced to writing are final and binding on both parties for the duration of this Contract ..." Mr. Yates admits he accepted payment under that contract for his professional improvement credits and there is no dispute that he continued work after it was executed.
After presentation of this evidence, the court dismissed Mr. Yates' case on the basis he was paid for the credits. In its memorandum opinion and in response to Mr. Yates' objections to its findings, the court further reasoned ESSB 4762 created a legitimate dispute over the payment of wages and CBC's reliance upon that bill, which had never been declared unconstitutional, could not form a basis for a bad faith refusal to pay pursuant to RCW 49.52.050 and .070. Mr. Yates appeals, maintaining the dismissal of his claim for double damages, costs and attorney fees pursuant to RCW 49.52.050 and .070 was error.
[1] Our position in reviewing dismissal of a case tried to the court is to affirm when any reasonable view supports the court's determination. Lillig v. Becton-Dickinson, 105 Wn.2d 653, 659-60, 717 P.2d 1371 (1986); Bennett Veneer Factors, Inc. v. Brewer, 73 Wn.2d 849, 850, 441 P.2d 128 (1968); Mayflower Air-Conditioners, Inc. v. West Coast Heating Supply, Inc., 60 Wn.2d 766, 375 P.2d 495 (1962). The court's memoranda together with its findings, are *175 instructive and support the court's dismissal here. See Lillig v. Becton-Dickinson, supra at 660. Further, based on our review of the record, we find those reasons to be amply supported by the evidence.
RCW 49.52.050 provides:
Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
...
(2) Wilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; or
...
Shall be guilty of a misdemeanor.
RCW 49.52.070 states:
Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: Provided, however, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.
First, we agree with the court that the case should be dismissed because Mr. Yates was paid for the credits. The thrust of RCW 49.52.050 and .070 is to require payment of full wages due. Mr. Yates argues payment does not make his claim for statutory damages, costs and attorney fees moot because he was paid only after he was forced to bring suit and incur those fees. He cites Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd., 107 Wn.2d 427, 730 P.2d 653 (1986) which involved an appeal from the Higher Education Personnel Board's decision that an unfair labor practice was committed when a community college refused to bargain in good faith over release time. The court held payment of the release time after the Board's *176 determination did not render the case moot for collecting litigation costs.
[2] Green River does not apply here. No finding was ever made that an unfair labor practice was committed or that CBC ever refused to bargain in good faith. Quite the opposite is the case  the faculty rebuffed the good faith proposals made by CBC. CBC agreed to arbitrate the issue and negotiated a settlement. Mr. Yates accepted the benefits of the settlement which was final and binding. Contrary to his argument he was forced to bring suit, if anything his suit was premature to resolution of good faith negotiations here. Public policy strongly favors resolving disputes by extrajudicial means. That policy particularly applies to the representative bargaining process. See Lindsey v. Metropolitan Seattle, 49 Wn. App. 145, 149, 741 P.2d 575, review denied, 109 Wn.2d 1016 (1987); Lew v. Seattle Sch. Dist. 1, 47 Wn. App. 575, 578, 736 P.2d 690 (1987). The court was correct in dismissing the case based upon the settlement.
[3] Second, the record supports the court's reasoning RCW 49.52.050 and .070 do not apply here because a bona fide dispute existed over the payment of wages. RCW 49.52.050 makes the payment of a lower wage than the employer is obligated to pay unlawful if it is done "[w]ilfully and with intent to deprive the employee of any part of his wages ..." These elements are not met if the evidence shows a bona fide dispute over debatable issues related to the obligation to pay. Lillig v. Becton-Dickinson, supra; Cameron v. Neon Sky, Inc., 41 Wn. App. 219, 222, 703 P.2d 315, review denied, 104 Wn.2d 1026 (1985).
Mr. Yates' claim of willfulness rests upon his argument that he had a vested right to payment of the professional improvement credits during the 1986-1987 academic year and CBC admitted it owed an obligation to pay. He maintains CBC could not validly defend on the basis it was unable to pay because of limitations on salary increases in ESSB 4762 because that bill is patently unconstitutional. We disagree.
*177 Mr. Yates' right to payment of the credits and CBC's obligation to pay depend upon the master contract under which the credits were earned. That contract states the credits "count toward salary schedule placement for the ensuing contract year ..." (Italics ours.) The master contract gave no right to payment for the credits apart from salaries and there was no "ensuing contract" until 1987 when the master contract was executed after 1 year without a contract. Salaries were one of the major subjects of negotiations. The evidence was sufficient to support the court's determination that a bona fide dispute existed over CBC's obligation to pay the credits before those salaries were established. See Lillig v. Becton-Dickinson, supra at 660.
Finally, we agree with the court that CBC's actions based on ESSB 4762 could not be considered willful. That bill, having never been declared unconstitutional, was the law. Carlstrom v. State, 103 Wn.2d 391, 694 P.2d 1 (1985), cited by Mr. Yates, in which an amended legislative appropriation was found to impair contract rights, is not relevant, since no such determination was ever made here. Mr. Yates cites no authority that CBC was not bound to follow a law which was never declared invalid.[2]
Moreover, we do not agree that ESSB 4762 necessarily prevented payment of the credits. In fact, it was interpreted by CBC as allowing for payment. However, CBC's offer to pay was rejected by the faculty. Mr. Yates was a negotiator and primary spokesperson concerning that issue. Mr. Yates' argument that ESSB 4762 was patently unconstitutional and impaired his contract rights must therefore fail.
The evidence was sufficient to support the court's refusal to grant damages pursuant to RCW 49.52.050 and .070. We *178 therefore affirm. Mr. Yates' request for attorney fees is denied.
THOMPSON, C.J., and MUNSON, J., concur.
Review denied at 113 Wn.2d 1005 (1989).
NOTES
[1] The action also involved the claimed right to longevity credits in his contract of employment. No appeal has been taken from the court's resolution of that issue.
[2] The problem presented here was resolved by a 1987 amendment to RCW 28B.50.140(3) and the 1987 collective bargaining act, RCW 28B.52.035, which provide in part that bargained for salaries cannot exceed and are subject to modification by legislative appropriations.